UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GEORGE HOM,

                Appellant,

  -against-                                        1:08-CV-0987
                                                              (LEK)

ANDREA E. CELLI,

                Appellee.

## ORDER

      On September 16, 2008, Appellant George Hom ("Hom") filed with this Court a Notice of Appeal from an Order of the United States Bankruptcy Court for the Northern District of New York, dated August 27, 2008 ("August 27 Order").  The record on appeal, which was also filed on September 16, 2008, contains a certificate of noncompliance with Federal Rules of Bankruptcy Procedure 8001(a) and 8003.  See Record (Dkt. No. 2, Attach. 4).  No extension of time was granted.  Id.

      On September 18, 2008, Hom also filed a Motion seeking to reverse the Bankruptcy Court's September 12, 2008 Order denying his request to appear telephonically ("September 12 Order") or, in the alternative, to stay and postpone until further notice, the Bankruptcy Court proceedings scheduled for September 22, 2008 and October 16, 2008.  Dkt. No. 3.  Hom is also seeking an Order to Show Cause setting a hearing at which Appellee will be required to show cause why the Court should not (1) reverse the September 12 Order, (2) grant Appellant "leave to appear at all

foreseeable future Bankruptcy Court conferences and hearings until further notice from this Court"[1], and (3) stay the "date of the 9/22/08 and 10/16/08 scheduled bankruptcy court conferences/hearings until further notice from this U.S. District Court." Dkt. No. 3 at 1-2.

## I.     Standard of Review

In reviewing the rulings of a bankruptcy court, a district court applies the clearly erroneous standard to a bankruptcy court's conclusions of fact, and reviews *de novo* conclusions of law.  In re Momentum Mfg. Corp., 25 F.3d 1132, 1136 (2d Cir. 1997).  "A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the *definite and firm conviction that a mistake has been committed*." Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622 (1993) (emphasis added). Mixed questions of law and fact are reviewed *de novo*.  In re Vebeliunas, 332 F.3d 85, 90 (2d Cir. 2003).

## II.    Discussion

The August 27 Order denied Hom's request to the Bankruptcy Court to appear telephonically for a hearing on his motion to vacate and a motion for sanctions.  August 27 Order (Dkt. No. 1, Att. 1).  The September 12 Order, which Hom seeks reversed through his proposed Order to Show Cause, was the result of a "Rule 59 Motion" by Hom challenging the August 27 Order.  September 12 Order, attached as Hom Aff., Ex. C (Dkt. No. 3, Att. 2).  The September 12 Order reached the same determination after a more detailed review of the facts and the law, and again denied Hom's request to appear telephoniclly.  Id.

---

[1] Presumably, Appellant is actually seeking leave to appear **telephonically** at all foreseeable future Bankruptcy Court proceedings.

In the September 12 Order, Judge Littlefield reviewed Hom's submissions, which consisted of a doctor's report dated January 10, 2005, a letter dated June 22, 2005, MRI reports dated July 2003, and claims of Hom's vision problems.  Id.  Judge Littlefield considered the submitted materials and determined that Hom does not have any travel restrictions or that any other evidence submitted establishes that he is prevented from traveling to Albany.[2]  Id.  Judge Littlefield also noted that the Bankruptcy Court had previously "gone out of its way to accommodate Mr. Hom telephonically when appropriate . . . includ[ing] allowing Mr. Hom to appear telephonically for conferences and uncontested matters."  Id.  The Bankruptcy Court had, however, specifically advised Hom "that contested matters and trials he wishes to prosecute would require his physical appearance or that of local counsel."  Id.  The Bankruptcy Court also noted, in response to Hom's claims that he was granted in forma pauperis status by this Court (although only in some of his appeals, and not in all), that the Bankruptcy Court had previously considered those relevant orders and that there was no legal authority supporting Hom's claim that, even if he were a pauper, that status "qualifies as a waiver of one's appearance at a contested or evidentiary hearing."  Id.

Hom's affidavit in support of his present Motion includes a partial recitation of various procedural developments before the Bankruptcy Court, including several which are not before this Court as part of this appeal, and uses this to claim that Judge Littlefield's decision applies a "double standard" and violates Hom's due process rights, all in violation of In re Harris.  Although Hom does not provide a citation to the case, the Court assumes that Hom is referring to In re Harris, 464 F.3d 263 (2d Cir. 2006).  In that case, upon which a few of Hom's other appeals before this Court

---

[2] The Court notes that if the Order to show cause was granted, Hom would have also been expected to appear at a hearing before this Court in Albany.

were remanded, the Second Circuit stated that, when a litigant has failed to comply with the Bankruptcy Rules, a district court should not immediately dismiss the appeal, but that "district courts will generally need to provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct. Based on that explanation, the court can then determine the appropriate sanction and articulate its reasons for selecting its chosen course of action." Id. at 272-73. In re Harris, however, is not applicable to Hom's present situation, since he did not have an appeal here that was dismissed for failure to comply with the Bankruptcy Rules. The Court does not find a discussion in In re Harris to support Hom's apparent liberally construed "equal protection" claim. In regards to Hom's due process claim, it appears that he was given an opportunity to present his arguments to the Bankruptcy Court and that those arguments were considered by the Judge in ruling on Hom's "Rule 59 Motion" seeking reconsideration of the August 27 Order. See September 12 Order. These claims therefore lack merit, and do not warrant reversal of the September 12 or August 27 Order, and do not warrant the granting of the Order to show cause.

Hom also includes an argument to this Court that the Bankruptcy Court's decision should be reversed on its finding that pauper status does not qualify "as a waiver of one's appearance at a contested or evidentiary hearing." However, Hom presents no legal authority to this Court that supports his claim, arguing only that it is, for example, a "politically irresponsible demand that I squander valuable national gasoline resources, or spend money I do not even have, just to satisfy the court's insistence that I be personally present." Hom Aff. at 8 (Dkt. No. 3, Att. 2). This claim does not present legal support on which this Court can determine that the Bankruptcy Court misapplied the law, reached an improper conclusion, or abused its discretion in determining a procedural issue regarding the personal appearance of a litigant at a contested hearing he has requested.

Because Hom's appeal in this case seeks only to reverse the August 27, 2008 decision of the Bankruptcy Court denying his request to appear telephonically for a hearing on his motion to vacate and a motion for sanctions, and that decision, as affirmed in the September 12 Order, is being affirmed by this Court, Hom's appeal is hereby dismissed in its entirety.

### III.     Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Appellant's Motion (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED**, that Judge Littlefield's September 12, 2008 and August 27, 2008 Orders are **AFFIRMED**; and it is further

**ORDERED**, that Appellant's Appeal is **DISMISSED in its entirety**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.

DATED:     September 19, 2008
                 Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge